UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AUTOMOTIVE RENTALS, INC. and
SIEMENS WATER TECHNOLOGIES CORP.                      PLAINTIFFS

V.                                          CAUSE NO. 1:10CV385-LG-RHW

KEITH HUBER, INC.                                       DEFENDANT

### ORDER DENYING MOTION FOR STAY OF ENFORCEMENT OR EXECUTION OF JUDGMENT

BEFORE THE COURT is Defendant Keith Huber, Inc.'s Motion [276] for Stay of Enforcement or Execution of Judgment Pursuant to Rule 62. The Plaintiffs have responded, and Huber has replied. After due consideration of the arguments of counsel and the relevant law, it is the Court's opinion that the Motion should be denied.

PROCEDURAL HISTORY

A jury trial was held in this case beginning January 9, 2012. The jury returned a verdict against Defendant Huber and in favor of the Plaintiffs, Automotive Rentals, Inc. and Siemens Water Technologies Corp., in the amounts of $251,157.20 and $84,302.64, respectively. Shortly after entry of judgment, Huber filed a motion for judgment as a matter of law or for new trial pursuant to Federal Rules of Civil Procedure 50 and 59. Huber now requests that the Court stay enforcement of the judgment until it rules on its post-judgment motions "because the Court's ruling in that regard may revise the judgment or result in a new trial." (Def. Memo. 3, ECF No. 277). Huber asserts that a stay is in the interests of justice

and fairness, because there is a likelihood that the Court will grant the post-judgment motions. Even if the motions are denied, a stay while they are under consideration will not injure the plaintiff, nor will the public interest be frustrated. Finally, Huber argues that execution of the judgment will have a devastating effect on its ability to continue its business, and the Court should balance the needs of the judgment creditor with the needs of the judgment debtor to maintain a viable business. (*Id.* at 4-5). Huber has attached an affidavit from Suzanne Huber attesting to the effect the seizure of its bank accounts, through garnishment or otherwise, would have on its business. In its reply brief, Huber asserts that it is exploring the cost and availability of a supersedeas bond or a bank loan, but no results have been obtained yet.

## DISCUSSION

In its discretion and on such conditions for the adverse party's security as are appropriate, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of motions filed pursuant to Rules 50 and 59. *See* Fed. R. Civ. P. 62(b)(1) & (3); *Peacock v. Thomas*, 516 U.S. 349, 359 n. 8 (1996); *In re Zapata Gulf Marine Corp.*, 941 F.2d 293, 294 (5th Cir. 1991). Normally, the party seeking a stay under Rule 62(b) is required to post a bond sufficient to protect the prevailing party's interest in the judgment. *See, e.g., Cont'l Cas. Co. v. First Fin. Emp. Leasing, Inc.*, No. 8:08–CV–2372–T–27GW, 2010 WL 5421337, at * 1 (M.D. Fla. Dec. 27, 2010) (noting that even though the court has broad discretion to

set the terms on which a stay may be granted, a bond is normally required); *Lincoln Electric Co. v. MPM Tech., Inc.*, No. 1:08-CV-2853, 2009 WL 3246936, at *1 (N.D. Ohio Oct. 6, 2009) (same); *Lewis v. United Joint Venture*, No. 1:07–CV–639, 2009 WL 1654600, at * 1 (W.D. Mich. June 10, 2009) (same). However, the Court may grant a stay without requiring the judgment debtor to post a bond if the judgment debtor can show that in the absence of standard security, the judgment creditor will be properly secured against the risk that the judgment debtor will be less able to satisfy the judgment after the disposition of the post-trial motions. *See Slip N' Slide Records, Inc. v. TVT Records, LLC*, No. 05–21113–CIV–TORRES, 2007 WL 1098751, at *2 (S.D. Fla. Apr. 8, 2007); *River Oaks Marine, Inc. v. Town of Grand Island*, No. 89–CV–1016S, 1992 WL 406813, at *2 (W.D.N.Y. Dec. 10, 1992) (granting stay pursuant to Rule 62(b) without requiring a bond or other security where the prevailing party had "expressed no fear that its interest in ultimate recovery would be endangered by a stay"). "If an unsecured stay is to be granted, the burden is on the [movant] to demonstrate affirmatively that posting a bond or otherwise providing adequate security is impossible or impractical." *Slip N' Slide Records, Inc.*, 2007 WL 1098751, at *2.

      Huber has not made such a showing.  Its arguments primarily go to the effect of execution on the judgment, which, because Huber is self-insured, may cause a critical shortage of operating funds and possible failure as an ongoing concern.  This does not tend to show that the Plaintiffs' interest in the full judgment is secure.

Unfortunately, it tends to show the opposite.  Further, Huber has not shown that it is impossible or impractical for it to post a bond or some other security.

In the absence of any security, the Court will not stay Plaintiffs' execution efforts while the Rule 50 and 59 motions are pending.  In the event that Huber can provide some security to support its request, the Court will reconsider staying execution of the judgment, and should that occur, Huber should file a new motion.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Keith Huber, Inc.'s Motion [276] to stay the enforcement or execution of the judgment is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 16th day of February, 2012.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE